979 F.2d 856
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Crispin MENDOZA, Defendant-Appellant.
 No. 91-10577.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Nov. 19, 1992.
 
 Before GOODWIN, FARRIS and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Crispin Mendoza ("Mendoza") appeals his conviction for conspiring to submit a false immigration application in violation of 18 U.S.C. § 371. Over defense counsel's objection, the district court declined to give the jury an instruction on the statute of limitations in this case, ruling that the statute of limitations had not been put at issue by the defense. The district court gave an unrequested instruction on withdrawal from conspiracy. We affirm.
 
 STATUTE OF LIMITATIONS INSTRUCTION
 
 3
 Prosecution for conspiracy is subject to a five-year statute of limitations which runs from the date of the last overt act. 18 U.S.C. § 3282. To convict a defendant, the prosecution must prove that the conspiracy existed and that the defendant was a member of the conspiracy at some point in the five years preceding the date of the indictment. See Grunewald v. United States, 353 U.S. 391, 396 (1957). Withdrawal becomes a complete defense when it is coupled with the defense of the statute of limitations.
 
 
 4
 A defendant is entitled to have the judge instruct the jury on his theory of defense, "provided that it is supported by law and has foundation in the evidence." United States v. Mason, 902 F.2d 1434, 1438 (9th Cir.1990). We have not defined the standard by which we review the denial of a requested jury instruction. See United States v. Streit, 962 F.2d 894, 897 (9th Cir.1992), cert. denied, No. 92-5919, 61 U.S.L.W. 3335 (U.S. Nov. 2, 1992); United States v. Sotello-Murillo, 887 F.2d 176, 179 (9th Cir.1989) (collecting cases); but see United States v. Gomez-Osario, 957 F.2d 636, 642 (9th Cir.1992) (review for abuse of discretion on issue whether required factual foundation exists to warrant particular jury instruction). It is not necessary to define the standard of review in this appeal, because the result is the same under either standard.
 
 Mendoza points to two alleged errors:
 
 5
 First, he maintains that the evidence shows that the false visa was submitted no later than December 9, 1985 but that it may have been submitted before that time. However, Mendoza misconstrues the record. Ruben Banda, an INS supervisor, testified that Morales' visa application was date stamped on December 9, 1985. On cross-examination, Banda conceded that he had no personal knowledge of the date when Morales signed the application. However, this admission does not affect Banda's testimony that a visa application is date stamped by the United States vice consul upon presentation by an applicant.
 
 
 6
 Second, Mendoza contends that the jury could have concluded that he withdrew from the conspiracy prior to December 7, 1985, and, therefore, the statute of limitations had run as to him. "[W]ithdrawal from a conspiracy requires a disavowal of the conspiracy or an affirmative action that would have defeated the purpose of the conspiracy, or 'definite, decisive and positive' steps to show that the conspirator's disassociation from the conspiracy is sufficient." United States v. Smith, 623 F.2d 627, 631 (9th Cir.1980). Mendoza claims that the jury could have reached this conclusion from testimony regarding confrontations between Mendoza and Amalia Morales, an alleged co-conspirator, regarding David Anciso, also an alleged co-conspirator. However, this testimony related to Mendoza's non-participation in the conspiracy, not to his withdrawal from the conspiracy.
 
 
 7
 Mendoza claims that the testimony of Mary Cervantes ("Cervantes") provides an alternative basis for the jury to conclude that he withdrew from the conspiracy. Cervantes testified that in 1981 or 1982 Amalia Morales told her that she and Mendoza "weren't getting along and that [Morales] told her he wasn't going to fix papers for her." While this conversation may be relevant to a determination whether Mendoza chose to become part of the 1984-85 conspiracy, it is irrelevant to a finding of whether he withdrew from participation in such a conspiracy.
 
 WITHDRAWAL FROM CONSPIRACY INSTRUCTION
 
 8
 Although there were no facts to support a jury instruction on withdrawal from a conspiracy, the district court erred on the side of caution and agreed to instruct the jury on this issue. Mendoza maintains that such an instruction is misleading in the absence of a statute of limitations instruction.
 
 
 9
 The giving of an erroneous jury instruction is a nonconstitutional error which will result in reversal only if it is more probable than not that the error materially affected the verdict. United States v. Rhodes, 713 F.2d 463, 475 (9th Cir.), cert. denied, 464 U.S. 1012 (1983). As discussed above, there was no foundation in evidence for the jury to find that there had been withdrawal, and the judge did not even have to give this instruction. Since there was no basis for the jury to find in favor of Mendoza on this ground, the possibility that the court's instruction was misleading constitutes harmless error.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3